## WILLIAMS v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13642.   Decided Jan 29, 1934

Thomas M. Frey, Cleveland, for plaintiff in error.

Ezra Shapiro, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

It is unquestionably the law, in the absence of a provision or stipulation, debarring the lessee from subletting premises leased to him that he may sublet to another tenant.   It follows, if the testimony of Walter Harris is true that his rental arrangement with DeWall included the entire premises, that he had a legal right to sublet the same to Grace Williams.   The affidavit stated that Grace Williams "unlawfully, wilfully and knowingly entered upon

these premises." This allegation of the affidavit upon which the conviction is based, is not only not proven but is absolutely refuted by the evidence insofar as she is concerned. In the absence of knowledge to the contrary, she had a right to deal with Walter Harris who was apparently in charge of the entire premises.

It is not true that she entered unlawfully upon said premises. The undisputed evidence shows that she entered under an arrangement which she made with Walter Harris who sublet the upstairs to her. Even if it be true that the rental arrangement between Harris and DeWall did not include the upstairs, it cannot be said from the evidence that Grace Williams knew of it. To all appearances Walter Harris had charge of the entire premises, and when Grace Williams rented the upstairs from him upon a stipulated rental which she agreed to pay to him, she had a right to assume that the arrangement which she made with Harris was legal and proper.

It is difficult to understand why, under the circumstances, such extreme measures were resorted to. There is a well defined civil process called "forcible entry and detainer" which the owner of the premises could have instituted in the proper court wherein the disputed questions between the parties could be settled in the ordinary way. We can see no valid reason for the substitution of criminal process in this case. Grace Williams appears to be clearly innocent of any criminal offense.

The judgment is reversed and plaintiff in error is ordered discharged.

McGILL, J, concurs in judgment.
LIEGHLEY, PJ, dissents.

### DISSENTING OPINION

By LIEGHLEY, PJ.
For the reason that the one and only issue presented to us either in brief or in argument, was the weight of the evidence.